UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------X
                                          :
UNITED STATES OF AMERICA,                 :
                                          :        18-cr-00500 (PAC)
   -v-                                    :
                                          :
RUDOLFO RODRIGUEZ,                        :        **ORDER**
                                          :
                  Defendant.              :
-----------------------------------------------------------X
```

HONORABLE PAUL A. CROTTY, United States District Judge:

Rudolfo Rodriguez asks this Court to correct the computation of his state sentence. For the following reasons, his request is **DENIED**.

On April 19, 2018, Mr. Rodriguez was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and was taken into federal custody. Government's Letter 1, ECF No. 29. Mr. Rodriguez pleaded guilty, and on July 31, 2019, this Court sentenced him to 96 months' imprisonment. Judgment, ECF No. 27. On or about September 24, 2019, Mr. Rodriguez was transferred to state custody to be sentenced on pending state charges. Government's Letter 1. The state court sentenced Mr. Rodriguez to 11.5 years' imprisonment to run concurrently with his federal sentence. *Id.* Mr. Rodriguez then returned to federal custody to serve the remainder of his federal sentence.

Mr. Rodriguez asserts that the New York Department of Corrections and Community Supervision (NY DOCCS) has not properly credited the time that he is serving in federal custody towards his state sentence, and he seeks recalculation of his state sentence. Rodriguez's Letter 1, ECF No. 28. Because he is challenging the execution of his state sentence, the Court construes

his request as a petition for a writ of habeas corpus under 28 U.S.C. § 2245.[1]  *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002).  Mr. Rodriguez may challenge his state sentence "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a).  Mr. Rodriguez's challenge to NY DOCC's computation of his sentence does not assert a violation of federal law.  It thus is not cognizable under federal habeas review.  *See, e.g.*, *Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003) ("the actual computation of [petitioner]'s prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254"); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("federal habeas corpus relief does not lie for errors of state law").  And even if Mr. Rodriguez's request is viewed as a due process challenge to his state sentence, *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003), it fails because Mr. Rodriguez does not claim that he exhausted all state remedies as required under § 2254(b), *Jones v. Keane*, 329 F.3d 290, 294 (2d Cir. 2003).

Accordingly, Mr. Rodriguez's request is **DENIED**.

Dated: New York, New York
      October  /6/2023

SO ORDERED

PAUL A. CROTTY
United States District Judge

---

[1] "In order for a federal court to have jurisdiction over a habeas petition, the petitioner must be 'in custody pursuant to the judgment of a State court' at the time the petition is filed." *Vega v. Schneiderman*, 861 F.3d 72, 74 (2d Cir. 2017) (quoting § 2254(a)).  Even though Mr. Rodriguez challenges his state sentence without presently being in state custody, he satisfies the "in custody" requirement because he is currently incarcerated in a federal prison. *See, e.g.*, *Marshall v. NYS DOCCS*, No. 16-cv-1501, 2017 WL 2223036, at *2 n.2, 3 (N.D.N.Y. May 19, 2017).