UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                    :
:      18-cr-00500 (PAC)
-v-                                          :
:
RUDOLFO RODRIGUEZ,                           :      **ORDER**
:
*Defendant.*                  :
-------------------------------------------------------------X

On October 16, 2023, this Court denied the request brought by Rudolfo Rodriguez, proceeding *pro se*, asking the Court to correct the computation of his state sentence. Order, ECF No. 30. In doing so, the Court construed his request as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. However, the Court overlooked the requirement that it must first advise Mr. Rodriguez of the implications of recharacterizing his motion. *See Castro v. United States*, 540 U.S. 375, 383 (2003) (requiring notice prior to recharacterizing a motion as one under 28 U.S.C. § 2255); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 282 (2d Cir. 2003) (applying the same reasoning to 28 U.S.C. § 2254). The Court's Order is therefore **VACATED** in order to first inform Mr. Rodriguez of the consequences of recharacterization and then to provide him with an opportunity to amend or withdraw his request.

For the reasons indicated in the Order, the Court intends to construe Mr. Rodriguez's request as a motion pursuant to § 2254. The potential consequences of such a characterization means that Mr. Rodriguez's ability to bring second or successive petitions would be limited by 28 U.S.C. § 2244. Specifically, 28 U.S.C. § 2244(b) provides the following.

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law,

1

made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

In addition, any motion may be limited by the one-year statute of limitations in § 2244(d).

In sum, after being informed of the consequences of the Court's intention to construe Mr. Rodriguez's request as a motion pursuant to 28 U.S.C. § 2254, the Court is now providing Mr. Rodriguez an opportunity to decide whether he would like to pursue that request. Accordingly, Mr. Rodriguez must notify the Court in writing within thirty days if he wishes to amend or withdraw his request, ECF No. 28. If Mr. Rodriguez does not inform the Court of his intent to amend or withdraw the request within thirty days, this Court's prior Order will be reinstated.

Dated: New York, New York
October [ ], 2023

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge